Judge "Wright
delivered the opinion of tht court:
The charge in the indictment is, that Driskell had stolen a horse, the property of some unknown person, and that Morrison, the plaintiff in error, afterward concealed him, knowing him to be a horse-thief. On the trial, it is claimed that the court of common pleas illegally admitted proof of Driskell’s declarations to Moraúson to establish the allegation that Driskell had stolen the horse *401 described. The question is, were the confessions or declarations of Driskell competent evidence against Morrison to prove the fact
Any voluntary confessions of one accused of crime is evidence against him at common law. 2 Stark. Ev. 51. But such confessions are only evidence “ against the person himself who confesses, not against other persons, although they may have been proven to be his accomplices.” 1 Phil. Ev. 77; Kazer’s case, 5 Ohio, 280. The allegation in this indictment that Driskell had stolen the horse was material, and to be proven by the prosecution. That fact, and the prisoner’s knowledge of it, imparted to the alleged concealment of him its 'criminal character. The efforts of the counsel for the state, in the argument to assimilate Driskell '-|:and Morrison to conspirators, in order to open the door for proof of the acts of each against both, and of the declaration of one made at the time against his fellow, are not in our opinion well grounded. Though the authorities cited sustain the positions assumed, yet they do not relieve the case from the objections taken. The case made does not rest on the position that Driskell and Morrison combined together for an illegal purpose, npr is the confession of Driskell of an act done in pursuance of a preconcerted plan, and in reference to a common object. The concealing a horse-thiefr knowing him to be such, is a distinct, independent offense, both upon principle and under the provisions of our statute. 29 Ohio L. 141; 1 Blackf. 429. The thief must be named in the indictment against the receiver, if known; and, before conviction, he is a competent witness against the person concealing him. 1 Leach, 418; Arch. C. Pl. 154. If the record showed that proof had! been introduced to satisfy the jury that Driskell had stolen the horse mentioned in the indictment, and upon that the prosecution had sought to establish Morrison’s knowledge of the guilt when he concealed him, proof of what Driskell told Morrison would have been both competent and sufficient, unless the communication was attended by circumstances to induce a disbelief of the tale. This case is different. The proof here was not directed to make out a scienter in Morrison, but the fact of Driskell’s having stolen the horse. In this view it appears to us the court admitted the declaration of one not a party to the record, nor a confederate, to sustain the material allegation, that said third person was a horse-thief in general terms; and that, too, without any proof that a horse had in fact been stolen by or from any person known or un *402 known. Such declarations, for such a purpose, we think clearly incompetent. See Daniel v. Patten, Moody & R. 501.
This opinion requires of us to reverse the judgment, to set aside the proceedings subsequent to the issue, and to award a new trial. The other questions discussed it is unnecessary to examine at this time, and we leave them wholly untouched.
*This decision will be certified to the clerk of the Supreme Court in Jefferson county to be there recorded, and the keeper of the penitentiary will be directed to remove the prisoner to that ■county for trial.